[Crim. No. 21606. First Dist., Div. Four. Apr. 14, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN VELA PRADO, Defendant and Appellant.

**COUNSEL**

Jeffry Glenn, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, W. Eric Collins and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—Steven Vela Prado appeals from a judgment of imprisonment after a jury found him guilty of the following felonies:

| Count I | robbery of Ahmad Ahmad and the Mayfair Market | Pen. Code, § 211 |
| Count II | assaulting Robert Hansen with a deadly weapon, and by means of force likely to produce serious bodily injury | Pen. Code, § 245 |
| Count III | burglary of the Mayfair Market | Pen. Code, § 459 |
| Count XIII | robbery of Teresa Sibaja, Kikue Palacio, and J & E Liquors | Pen. Code, § 211 |
| Count XV | assault with a deadly weapon upon Sibaja and Palacio | Pen. Code, § 245 |
| Count XVI | burglary of J&E Liquors | Pen. Code, § 459. |

Appellant does not challenge counts XIII, XV and XVI; accordingly there is no need to discuss those offenses.

On November 16, 1979, Ahmad Ahmad (counts I and III) was, along with various relatives, working at the Mayfair Market in Salinas. Three men, one armed with a shotgun, entered the store. The man with the shotgun said "Holdup," and directed Ahmad and his family to lie on the floor. The gunman ordered Ahmad's father to open the register and took "everything" from the register, including 100 $1 bills, coins, and money orders. At trial, Ahmad identified money orders which had been taken from his store. Each of the three men carried a paper bag when they left the store.

At about 5 p.m. the same day, Robert Hansen (count II) entered the Mayfair Market and saw appellant with a gun in his hand; appellant pointed the gun at Hansen's head and made Hansen lie on the floor. Hansen saw appellant walk back and forth, and then go around the corner. Hansen remained on the floor until someone told him it was all right to get up.

The next day, a San Jose police officer responded to a call concerning an assault and battery upon a woman at 1805 Cortez, San Jose. The officer spoke with Cecilia Prado, the woman who had called the police. The officer, accompanied by two others, went to her home. When there was no response to his knocks, the officer entered the house and found appellant Prado and another man seated on a couch in the living room.

The officer placed his hand on appellant's shoulder in an attempt to wake him. After jumping from his seat and yelling obscenities at the officer, appellant attempted to go to the back of the house. In the process, he knocked the officer's hand aside and was arrested for assault and battery. The officer then looked for a third suspect. He went to the rear of the house and saw another officer pursuing one Retana. The officers caught Retana in a parking lot, and retrieved a brown paper bag and wallet that he had thrown down. In it the officers found loot from the Mayfair Market robbery.

The officer pat-searched one suspect and found money resembling that taken in the robbery. Appellant acknowledged that he had been using a Ford LTD parked in the driveway; in that car the officer found a pistol identified by Hansen as the one used in the robbery.

Appellant concedes that a robbery, assault and burglary were committed at the Mayfair Market. He contends, however, that he was never sufficiently identified as the perpetrator of these crimes. On that basis he argues that the court should have granted his motion for acquittal. (Pen. Code, § 1118.1.)

Appellant points out that Ahmad, the Mayfair Market clerk who was robbed, was unable to identify appellant in several photographic displays. Hansen did identify appellant at trial but had been unable to make any positive identification of appellant at photographic displays. When Hansen first made an identification, it occurred in court at the preliminary hearing while appellant sat with four or five other persons on a bench. Appellant contends that the courtroom confrontation at the preliminary hearing amounted to an impermissibly unfair one-man showup. (*Stovall* v. *Denno* (1967) 388 U.S. 293 [18 L.Ed.2d 1199, 87 S.Ct. 1967].)

Hansen's in-court identification of appellant as the man who held a gun on him was positive; Hansen testified that he knew appellant "by seeing him. His facial features."

Appellant's contention that Hansen's identification was tainted by a one-man showup must be rejected as the trial court's contrary finding is supported by substantial evidence. When Hansen saw appellant at the preliminary hearing, appellant was sitting among a group of four or five present in the bench area. Nobody directed his attention toward those

particular people; rather he recognized appellant as soon as he (Hansen) walked into the courtroom.

Hansen's failure to select appellant's photograph in photographic displays is not conclusive. When Hansen saw the photographic displays, he picked out several pictures as resembling appellant, but explained that he did not make a positive identification due to the nature of the photographs. At the same time he told a police officer that if he could see the assailant in person, he would be able to identify him.

Hansen's failure to make a positive identification of appellant based on photographic displays merely goes to the weight of the evidence, not its sufficiency. In *People* v. *Lindsay* (1964) 227 Cal.App.2d 482 [38 Cal.Rptr. 755], the court noted that "[t]he factors emphasized by defendant on the issue of identity, namely that the victims' description of their assailant . . . was inconsistent with defendant's physical appearance at the lineup but did identify him at trial, and that one of the victims was unable to identify him at trial, were all matters going to the weight of the evidence." (*Id.*, at pp. 496-497.) "The general rule, then, is that it is not essential that a witness be free from doubt as to one's identity." (*Id.*, at p. 494.)

■ Appellant correctly notes that in considering a motion for acquittal, the trial court applies the same test as does an appellate court in reviewing a judgment of conviction. (*People* v. *Blair* (1979) 25 Cal.3d 640 [159 Cal.Rptr. 818, 602 P.2d 738].) The court must thus ask "is there substantial evidence of the existence of each element of the offense charged?" (*People* v. *Wong* (1973) 35 Cal.App.3d 812, 828 [111 Cal.Rptr. 314].) ■ Hansen positively identified the gun found in the car used by appellant as the gun which was held on him at the Mayfair Market. Hansen's positive in-court identification of appellant as the man who held the gun on him was based on "seeing him. His facial features." Hansen immediately recognized appellant at the preliminary hearing. Under these circumstances, the trial court's denial of appellant's motion for acquittal must be upheld. ■ "[T]o entitle a reviewing court to set aside a jury's finding of guilt the evidence of identity must be so weak as to constitute practically no evidence at all." (*People* v. *Lindsay, supra*, at p. 493.) The identification evidence in the present case met this threshold of reliability.

■ Appellant points out that while it was alleged in the information that he had suffered two prior convictions, for each of which he served

a prison term, there was no allegation that appellant served *separate* prison terms for these convictions. On that basis appellant argues, citing *People* v. *English* (1981) 116 Cal.App.3d 361, 371 [172 Cal.Rptr. 122], that the two prior convictions should result in only a one-year enhancement. But in *English* respondent conceded that the priors had resulted in concurrent terms of imprisonment. (116 Cal.App.3d at p. 371.) Here there is no such concession.

Penal Code section 667.5, subdivision (b), provides that "the court shall impose a one-year term for each prior separate prison term served for any felony . . . ." On application by respondent, this court has judicially noticed records prepared according to Penal Code section 969b, including (a) judgments and (b) a summary of sentencing data pertaining to appellant. These records establish conclusively that appellant served two separate prison terms for possession of heroin (Health & Saf. Code, § 11350), assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and possession by an ex-felon of a firearm (Pen. Code, § 12021). "[T]he information need not necessarily charge that the defendant served separate sentences if it appears from the record in some manner that such is the fact or if the court has so found . . . ." (*People* v. *James* (1978) 88 Cal.App.3d 150, 162 [151 Cal.Rptr. 351].) Thus, under Penal Code section 667.5, the imposition of a two-year enhancement was proper.

■ Appellant points out that the record does not show that the court advised him of the rights being waived in admitting the prior convictions and the consequences of the admissions. The omission was error (*In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561]), but reversal is not required where it is not reasonably probable that, if advice had been given, appellant would have denied the prior convictions and they would have been found not to have occurred. (Cf. *In re Ronald E.* (1977) 19 Cal.3d 315, 325 [137 Cal.Rptr. 781, 562 P.2d 684].) Appellant has not challenged the validity of the prior convictions and does not assert that he would have denied them if he had been properly advised. We are mindful that in *People* v. *Knighten* (1980) 105 Cal.App.3d 128 [164 Cal.Rptr. 96], this court under similar circumstances remanded the cause to the trial court to take further proceedings to determine the validity of the prior convictions. We are persuaded by *People* v. *English, supra*, 116 Cal.App.3d 361, 368 [172 Cal.Rptr. 122], that such remand is unnecessary where appellant has

failed to show that if given proper warnings he would have denied the priors. In that situation the error is harmless.

The judgment is affirmed.

Caldecott, P. J., and Poché, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 9, 1982.