108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Wendle ALLEN, Petitioner-Appellant,
v.
William A. DUNCAN, Respondent-Appellee.
 No. 96-16182.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided Feb. 21, 1997.
 
 Before: BRUNETTI, FERNANDEZ, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Allen appeals the district court's denial of his petition for habeas corpus filed under 28 U.S.C. § 2254. Allen argues that his attorney provided ineffective assistance by advising him to admit two prior felony convictions sustained in the state of Washington in 1977, which subjected him to a five-year enhancement under California law. Allen further argues that the state trial court violated his rights under the Confrontation Clause by considering the reporter's transcript of his 1977 trial because the prosecution failed to establish that the witnesses whose statements were contained in these transcripts were unavailable.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 In 1992, in Santa Clara County, petitioner was charged with burglary. The information also alleged that petitioner had been convicted of two prior "serious felonies" in the state of Washington in 1977. The trials for the California burglary, and the two Washington priors, were bifurcated. After closing arguments on the California burglary, and before the trial on the Washington priors, Allen admitted these serious felony convictions for kidnapping and robbery on the advice of his attorney.
 
 
 4
 Allen was sentenced to sixteen years in state prison, five of which were attributed to the Washington convictions. The judgment of conviction was affirmed on appeal, but the court of appeals issued an order to show cause in habeas corpus on the question of whether Allen's admission of the two priors satisfied the requirements for sentence enhancement under California Penal Code section 667. Specifically, the court of appeal held that the record was insufficient to show that the criminal conduct involved in the Washington convictions corresponded to each element of a California felony. The court ordered the prosecution to produce evidence of Allen's criminal conduct.
 
 
 5
 Over Allen's hearsay objection, the prosecution introduced the reporter's transcript of the Washington trial to prove the criminal conduct underlying the two convictions. The superior court found that the prosecution had carried its burden, denied Allen's petition for habeas corpus, and the court of appeals affirmed.
 
 
 6
 In April 1995, Allen filed a petition for habeas corpus in the United States District Court, which the court denied. On May 29, 1996, Allen filed a notice of appeal, and filed a request for a certificate of appealability. The court granted the request as to the Confrontation Clause issue, but denied it as to the ineffective assistance of counsel issue. Allen also filed a request for certificate of appealability with this court as to the ineffective assistance of counsel issue.
 
 DISCUSSION
 
 7
 We have jurisdiction under 28 U.S.C. § 2253(c). We assume that the recently enacted Anti-Terrorism and Effective Death Penalty Act ("Act"), Pub.L. No. 104-132, 110 Stat. 1214, does not apply, see Naddi v. Hill, Nos. 96-55755, 96-55791, slip op. at 417 (9th Cir. Jan. 15, 1997); Jeffries v. Wood, 103 F.3d 827 (1996), although we would affirm the district court's denial of Allen's habeas petitioner under either standard. Under the Pre-Act version of § 2253(c), "[w]hen a district court grant[ed] a so-called limited certificate of probable cause, the court of appeals must ignore the limitation, and address all of the petitioner's assertions of error. See Chacon v. Wood, 36 F.3d 1459, 1467 (9th Cir.1994). We thus address the merits of Allen's ineffectiveness claim and his Confrontation Clause claim.
 
 1. Ineffective Assistance of Counsel
 
 8
 To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697. Allen argues that his attorney was ineffective by advising him to admit his prior convictions. Had Allen not admitted the priors, the prosecution would have been required to prove the priors. Here, the court of appeal actually required the prosecution to prove the prior, which it did. Allen thus suffered no prejudice.
 
 2. Confrontation Clause
 
 9
 Allen argues that the admission of the 1977 Washington state trial transcript violated his Confrontation Clause rights. He argues that the transcript does not fall within the former testimony exception to the hearsay rule because the prosecution failed to show that the witnesses whose statements were contained in the transcripts were unavailable as a matter of fact. Here, the hearsay statements Allen complains of were used against him to establish a sentence enhancement. See People v. Wiley, 889 P.2d 541, 543 (Cal.1995). "A sentencing judge may consider hearsay evidence without running afoul of the Confrontation Clause, but the evidence must be reliable." United States v. Williams, 41 F.3d 496, 499-500 (9th Cir.1994). At the Washington trial, Allen cross-examined the witnesses whose statements are contained in the transcripts. Further, because the Washington trial concerned charges of burglary and kidnapping, both carrying substantial sentences, Allen had a strong motive to develop the record fully. Allen makes no argument suggesting the statements are unreliable. Accordingly, Allen fails to establish a violation of the Confrontation Clause.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3