[No. C036925. Third Dist. June 24, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN MARK WILLIAMS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*See footnote 1, *post*, page 698.

**COUNSEL**

Carol A. Navone, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stephen G. Herndon and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BLEASE, Acting P. J.**—Defendant Steven Mark Williams appeals from the judgment of conviction after a jury found him guilty of robbery, five prior "strikes" felony convictions, one of which was based upon a 1992 burglary conviction, two prior serious felony conviction enhancements, one based on the same 1992 burglary conviction, and a bail enhancement. He received a sentence of 37 years to life imprisonment.

On appeal, he raises six claims of error: allowing his wife to be called as a witness, excluding expert psychiatric testimony, incompetence of trial counsel, cumulative error, refusal to strike four prior felony convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] (hereafter *Romero*), and imposition of cruel or unusual punishment.

Additionally, respondent seeks to concede that the trial court erroneously imposed a five-year term on a prior serious felony conviction enhancement pursuant to Penal Code section 667, subdivision (a), for the 1992 burglary conviction because the jury failed to return a verdict form for the enhancement allegation. We disagree.

In the published portion of the opinion we conclude the jury made a factual finding the 1992 burglary conviction occurred, incident to its verdict the defendant had a prior strike under Penal Code section 1170.12.[1] Such a finding is sufficient to support the imposition of an enhanced sentence for the same prior offense pursuant to section 667, subdivision (a).[2]

We find no error and affirm the judgment and sentence imposed.

### Factual Background *

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### Procedural Background

Defendant was charged with one count of robbery (§ 211), alleged as a serious felony. (§ 1192.7, subd. (c)(19).) He was also charged with five prior serious felony convictions alleged as strikes under the "Three Strikes" law

---

[1] The Reporter of Decisions is directed to publish the opinion except for the Factual Background and parts I through V and Part VII of the Discussion.

[2] All further section references are to the Penal Code unless otherwise designated.

*See footnote 1, *ante*.

(§ 1170.12, subds. (a)-(d)), two prior serious felony conviction enhancements (§ 667, subd. (a)(1)), a prior prison term enhancement (§ 667.5, subd. (b)), and a bail enhancement. (§ 12022.1.)

A jury found defendant guilty as charged and found true all of the enhancement allegations except two for which no verdict forms appear in the record, which include the allegation that robbery is a serious felony (§ 1192.7, subd. (c)(19)), and one of the two prior serious felony convictions. (§ 667, subd. (a)(1).)

Defendant was sentenced to an aggregate term of imprisonment of 37 years to life as follows: 25 years to life for robbery (§ 1170.12, subd. (e)), a 10-year consecutive term for the two prior serious felony enhancements (§ 667, subd. (a)), and a two-year consecutive term for the bail enhancement (§ 12022.1, subd. (b).) The prior prison term enhancement was stricken. (§ 667.5, subd. (b).)

Defendant filed a timely notice of appeal.

DISCUSSION

I.-V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VI.

*Section 667 Enhancement*

■ Although neither party briefed the issue, it appears both defendant and respondent are of the view the five-year term imposed by the trial court for the 1992 burglary conviction under section 667, subdivision (a)(1), must be stricken because the jury failed to return a true finding for that allegation. We do not share their view.

The information charged defendant with two prior serious felony conviction enhancements under section 667, subdivision (a). One of the enhancements was based upon the same felony conviction alleged as the basis for a strike under section 1170.12, namely, a 1992 burglary conviction suffered in the Superior Court of California, County of Nevada, case No. 47240. The jury returned a verdict which found true the prior serious felony allegation alleged under section 1170.12, but failed to return a verdict form for the

---

*See footnote 1, *ante*, page 698.

enhancement alleged under section 667. The trial court nevertheless imposed a five-year enhancement pursuant to section 667, subdivision (a) for the 1992 burglary.

■ The question is whether a true finding by the jury that the defendant suffered a prior serious felony conviction pursuant to section 1170.12, subdivision (a), is sufficient to support imposition of an enhanced sentence under section 667, subdivision (a), when both enhancements are based upon the same prior conviction. We find it is.

Section 667, subdivision (a)(1) requires imposition of a five-year term of imprisonment for each prior conviction for a serious felony brought and tried separately when the present felony, as here, is a serious felony. A "serious felony" means a serious felony listed in subdivision (c) of section 1192.7. (§ 667, subd. (a)(4).)

The right to have a jury determine factual issues relating to a prior conviction alleged for purposes of sentencing enhancements is statutory, not constitutional, and derives from sections 1025 and 1158.[13] (*People v. Wiley* (1995) 9 Cal.4th 580, 589 [38 Cal.Rptr.2d 347, 889 P.2d 541]; *People v. Epps* (2001) 25 Cal.4th 19, 29 [104 Cal.Rptr.2d 572, 18 P.3d 2].) Section 1025, subdivision (b) requires that "the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury . . . ." Under section 1158, "[i]f more than one previous *conviction* is charged a separate finding must be made as to each." (Italics added.)

Thus, sections 1025 and 1158 grant to a defendant the right to have the jury determine only the factual question whether he suffered the alleged prior conviction (*People v. Wiley, supra,* 9 Cal.4th at p. 589), and a separate finding is required only for each prior conviction, rather than for each prior enhancement allegation.

Legal questions, such as whether multiple prior convictions were separately brought and tried or whether a prior or present felony conviction

---

[13]Section 1025 states in relevant part: "(b) Except as provided in subdivision (c), the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, or in the case of a plea of guilty or nolo contendere, by a jury impaneled for that purpose, or by the court if a jury is waived."

Section 1158 states: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction. The verdict or finding upon the charge of previous conviction may be: 'We (or I) find the charge of previous conviction true,' or, 'We (or I) find the charge of previous conviction not true,' according as the jury or the judge find that the defendant has or has not suffered such conviction. If more than one previous conviction is charged a separate finding must be made as to each."

qualifies as a "serious felony" under the Three Strikes law, are matters to be determined by the court. (§§ 667, subd. (d)(2), 1170.12, subd. (b)(1); *People v. Wiley, supra,* 9 Cal.4th at p. 589; *People v. Kelii* (1999) 21 Cal.4th 452, 455-456 [87 Cal.Rptr.2d 674, 981 P.2d 518].)

 The information alleged two separate enhancement provisions (§§ 667, subd. (a)(1), 1170.12), based upon the same prior conviction. The jury found defendant suffered the conviction. The right to a jury trial extends only to the fact of the conviction alleged in the information, not to the truth of the enhancement allegation itself. (§§ 1025, subd. (b), 1158.) Therefore, although the jury's finding was made in a verdict form which designated it as an enhancement pursuant to section 1170.12, it nevertheless encompassed the requisite fact necessary to support the enhancement under section 667, subdivision (a)(1).

The additional finding required by section 667, subdivision (a), that the felony is a serious felony, is a legal question to be decided by the trial court. (*People v. Wiley, supra,* 9 Cal.4th at p. 589; *People v. Kelii, supra,* 21 Cal.4th at pp. 455-456.) The trial court impliedly made that finding when it imposed a five-year term of imprisonment pursuant to section 667, subdivision (a).

Accordingly, we find the trial court properly imposed sentence on the prior serious felony enhancement pursuant to section 667, subdivision (a), based upon defendant's 1992 burglary conviction.

## VII.*

. . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment and sentence are affirmed.

Raye, J., and Callahan, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 18, 2002. George, C. J., and Baxter, J., did not participate therein.

---

*See footnote 1, *ante*, page 698.