Filed 4/2/14  P. v. Orosco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# **COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072784 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F03194) |
| v. | |
| JOE GALINDO OROSCO, JR., | |
| Defendant and Appellant. | |

After a jury trial, defendant Joe Galindo Orosco, Jr., was found guilty of two counts of lewd and lascivious acts with his granddaughter, A.H., a minor under the age of 14 years.  Defendant was sentenced to two concurrent terms of 25 years to life pursuant to Penal Code section 667.61 (unless otherwise stated, statutory references that follow are to the Penal Code), plus an enhancement of five years pursuant to section 667.51 (the "One Strike Law"), due to a prior conviction for a lewd and lascivious act with a minor under the age of 14 years in violation of section 288, subdivision (a).

1

Defendant appeals, contending the court erred in (1) failing to sua sponte instruct the jury regarding the lesser included offense of "attempt" for count one (charged as lewd and lascivious act with a minor under the age of 14 for contact other than body on body) and (2) sentencing defendant to the five-year enhancement pursuant to section 667.51 without a jury finding that the defendant had suffered a prior conviction for the purposes of the enhancement. We affirm the judgment.

FACTS AND PROCEEDINGS

On or about April 26, 2011, A.H.'s grandmother invited A.H. to watch a video on her laptop in her bedroom, which the grandmother shared with the defendant. Seven-year-old A.H., who was living with her grandparents at the time, did so. After the grandmother had fallen asleep in her chair watching videos with headphones in her ears, defendant invited A.H. to watch a television show with him from his bed. A.H. laid next to him on the bed. A.H. demonstrated affection for defendant by rubbing his head and kissing him, which caused him to become aroused.

Defendant attempted to kiss A.H. on the mouth, and when she rebuffed that attempt, he kissed her on the cheek and neck. He then climbed on top of her, and rubbed his genitalia against her upper thigh and vaginal area. Both were clothed at the time. While defendant was atop A.H., A.H.'s older brother happened to open the door and interrupted what was happening. A.H.'s brother quickly left to tell their mother what defendant was doing to A.H. When the brother walked in, defendant placed his arm over A.H.'s mouth. Defendant got off A.H., and, despite defendant's instruction not to tell anyone, she ran to the bedroom and told her mother what had happened.

After being confronted by his daughter, A.H.'s mother, about the molestation, defendant took a knife into the bathroom and contemplated suicide. His family convinced him to check himself into a hospital to seek help. A mandated reporter at the hospital reported the molestation to the police and they conducted an investigation. After

2

his release from the hospital, defendant confessed the molestation of A.H., and other minors, in a police interview. Additionally, A.H., in a forensic interview and in trial testimony, corroborated the reported molestation, though she presented potentially conflicting testimony regarding the defendant's admitted kiss. A.H. testified that defendant attempted to kiss her but that she pushed him away; she also testified that he always kissed her on the cheeks; and she testified that he did not kiss her on the date in question.

Defendant was charged with two counts of forcible acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (b)), with lesser included offenses of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (a)) as to both counts, and simple battery (§ 242) as to count one. The two counts were for separate acts: count two was for the body on body contact, and count one was for contact other than that contemplated by count two (as argued, the kissing). The defendant pleaded not guilty to both counts.

After a trial, the jury returned an initial verdict on count two and was deadlocked as to count one. In coming to this point, the jury had asked the court for clarification of the term "force" as used in section 288, subdivision (b), and had asked the court whether the jury could make a decision as to a lesser included offense if it could not make a decision as to the charged offense. As to count two, the jury found the defendant not guilty of forcible acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (b)), but guilty of acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (a)). The jury also found the defendant had suffered a prior conviction for violation of section 288, subdivision (a) in Yolo County in 1986.

The district attorney dismissed the charge of forcible acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (b)) as to count one, and the court resubmitted the count to the jury on just the lesser included offenses. The jury returned a verdict of guilty as to count one, acts of lewd and lascivious conduct with a minor under

the age of 14 (§ 288, subd. (a)), and again found the defendant had suffered a prior conviction for violation of section 288, subdivision (a) in Yolo County in 1986.

The trial court had already found that defendant was the same person who was identified in the 1986 Yolo County conviction for violation of section 288, subdivision (a) as required by section 1025. Defendant pleaded guilty to that offense, and the court documents reflecting that plea deal were admitted into evidence in the instant trial. The jury was instructed to determine if the evidence presented proved defendant was convicted of a previous crime, namely a violation of section 288, subdivision (a) in Yolo County in 1986. However, the verdict forms used by the jury read that the jury found "the allegation that the defendant suffered a prior conviction for Penal Code 288(a) in Yolo County on June 24, 1986, within the meaning of Penal Code Section 667.61(a) and (d) to be" true. After the jury had been discharged, the court noted a "slight irregularity" in the verdict forms. Specifically, the prior conviction enhancements referenced other statutes, including the one that was ultimately applied by the court, section 667.51, subdivision (a). The court decided that the jury found the prior conviction true and that the additional language in the verdict form regarding section 667.61 was surplusage.

The court sentenced defendant on count one, lewd and lascivious acts with a child, to 25 years to life. In connection with count one, because of defendant's prior conviction, the court sentenced the defendant to an additional five years pursuant to section 667.51, subdivision (a). On count two, lewd and lascivious acts with a child, the court sentenced defendant to 25 years to life to be served concurrently.

## DISCUSSION

### I

*The Lesser Included Offense - Count One*

In count one, defendant is charged with a violation of section 288, subdivision (a), based on the allegation that he kissed A.H. "[S]ection 288, subdivision (a), states [it is] a

felony offense for any person who 'willfully and lewdly commits any lewd or lascivious act' on the body of a child under the age of 14, 'with the intent of arousing . . . the lust, passions, or sexual desires of that person or the child.' Any touching of a child under the age of 14 violates this section, even if the touching is outwardly innocuous and inoffensive, if it is accompanied by the intent to arouse or gratify the sexual desires of either the perpetrator or the victim." (*People v. Lopez* (1998) 19 Cal.4th 282, 289; italics omitted.)

Defendant contends the court should have, sua sponte, instructed the jury on attempted lewd and lascivious conduct as a lesser included offense on count one. A trial court must instruct sua sponte on a lesser included offense, including attempt, only where there is substantial evidence that only the lesser and not the greater offense was committed. (*People v. Breverman* (1998) 19 Cal.4th 142, 162 (*Breverman*).) "An instruction on a lesser included offense must be given only when the evidence warrants such an instruction. [Citation.] To warrant such an instruction, there must be substantial evidence of the lesser included offense, that is, 'evidence from which a rational trier of fact could find beyond a reasonable doubt' that the defendant committed the lesser offense. [Citation.] Speculation is insufficient to require the giving of an instruction on a lesser included offense. [Citations.] In addition, a lesser included instruction need not be given when there is no evidence that the offense is less than that charged." (*People v. Mendoza* (2000) 24 Cal.4th 130, 174.) "[T]he testimony of a single witness . . . may suffice to require lesser included offense instructions." (*People v. Wyatt* (2012) 55 Cal.4th 694, 698 (*Wyatt*).)

Here, at least arguably, a jury could dismiss defendant's admissions and rely instead on A.H.'s testimony that while defendant attempted to kiss her on the day in question, he did not actually kiss her. As such, there is sufficient evidence of the lesser included offense of attempted lewd and lascivious conduct with a child under the age of 14. Therefore, we conclude the trial court erred when it failed sua sponte to instruct the

5

jury on attempt as to count one. However, it does not necessarily follow that such error is prejudicial.

"Instructional error is subject to harmless error review." (*People v. Whisenhunt* (2008) 44 Cal.4th 174, 214.) " [E]rror in failing sua sponte to instruct, or to instruct fully, on all lesser included offense and theories thereof which are supported by the evidence must be reviewed for prejudice exclusively under [*People v. Watson* (1956) 46 Cal.2d 818 (*Watson*)]." (*Breverman*, *supra*, 19 Cal.4th at p. 178.) "[M]isdirection of the jury is not subject to reversal unless an examination of the entire record establishes a reasonable probability that the error affected the outcome." (*Id.* at p. 165; accord *Wyatt*, *supra*, 55 Cal.4th at p. 698.) Under the *Watson* review, " 'a defendant must show it is reasonably probable a more favorable result would have been obtained absent the error.' " (*People v. Beltran* (2013) 56 Cal.4th 935, 955 citing *People v. Mena* (2012) 54 Cal.4th 146, 162.) This review " 'focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration." (*Id.* at p. 956.)

Defendant contends the error was prejudicial because the only evidence the jury heard that supported a conviction on count one was his own out-of-court statements. Thus, defendant contends that once we exclude his testimony based on the corpus delicti rule, the record supports a conviction only for the lesser included offense. We disagree because we find the corpus delicti rule was satisfied.

In a criminal trial, the prosecution must prove the corpus delicti of the crime without relying exclusively upon the defendant's extrajudicial statements, confessions, or admissions. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1168-1169 (*Alvarez*).) The main purpose of the rule is to prevent a person from being falsely convicted of "a crime that never happened" based on his testimony alone. (*Id.* at p. 1169.) It "requires *corroboration* of the defendant's extrajudicial utterances insofar as they indicate a crime was committed, and forces the People to supply, as part of their *burden of proof* in every criminal prosecution, some evidence of the corpus delicti aside from, or in addition to,

6

such statements." (*Id*. at p. 1178.) The corpus delicti may be proven by circumstantial evidence and need not amount to proof beyond a reasonable doubt. (*Id*. at p. 1171.)

"[T]he modicum of necessary independent evidence of the corpus delicti, and thus the jury's duty to find such independent proof, is not great. The independent evidence may be circumstantial, and need only be 'a slight or prima facie showing' permitting an inference of injury, loss, or harm from a criminal agency, after which the defendant's statements may be considered to strengthen the case on all issues." (*Alvarez, supra*, 27 Cal.4th at p. 1181; see also *People v. Jones* (1998) 17 Cal.4th 279, 301-302 [finding sufficient independent evidence to permit inference of forced oral copulation to permit defendant's admission of the same where deceased victim was found with no underwear or shoes, and had semen in various other orifices, despite the lack of semen in the victim's mouth].) To satisfy the corpus delicti rule, the independent evidence need only permit a reasonable jury to reasonably infer that the alleged crime did happen. (*People v. Valencia* (2008) 43 Cal.4th 268, 297; *People v. Jones, supra,* 17 Cal.4th at pp. 301-304.) Once the rule is satisfied, the jury may consider the defendant's statements for their full value in arriving at their verdict. (*Alvarez, supra,* at p. 1171.)

The jury was properly instructed, using CALCRIM No. 359 [corpus delicti – independent evidence of a charged crime], that it could not convict defendant of a charge based on his out-of-court statements alone, but that it needed other evidence to show the charged crime was committed. The jury apparently weighed A.H.'s testimony and found that there was sufficient independent evidence of the charged crime to reasonably infer that the charged crime occurred. (*People v. Holt* (1997) 15 Cal.4th 619, 662 ["Jurors are presumed to understand and follow the court's instructions"].)

A.H. testified that defendant tried to kiss her, that his face was close to hers, and that his lips were coming towards her, which is corroboration of the defendant's statement that he attempted to kiss her on the lips and did kiss her on the cheek and neck. A.H. also testified that defendant frequently kissed her on the cheek. While there may be

7

other possible inferences to draw from A.H.'s testimony, it is a reasonable inference to conclude that defendant did kiss A.H. on the cheek and neck, and that A.H., a seven-year-old girl, discounted that kiss either due to her perception that it was normal in their familial relationship, or due to her shock at the molestation overall.  Regardless, we find that the corpus delicti rule was satisfied, and defendant's out-of-court statements could be considered for their full value.  In light of this evidence, it is not reasonably probable that defendant would have achieved a better result if the court had instructed the jury sua sponte on attempt.  Therefore, the court's error in failing to instruct the jury on attempt was harmless.

II

*The Prior Conviction*

Defendant contends it was error for the court to sentence him to a five-year enhancement for a prior conviction pursuant to section 667.51, subdivision (a). Defendant's sentencing enhancement was based on a prior conviction for a violation of section 288, after the jury found that, in fact, he had been convicted as alleged in the information.  Defendant does not dispute his prior conviction; nor does he contend there was insufficient evidence of his having been convicted as alleged.  Rather, defendant contends that because the verdict form indicates the jury found the defendant had suffered the prior conviction "within the meaning of Penal Code Section 667.61(a) and (d)," the prior conviction determination of the jury cannot be used by the court to impose the sentencing enhancement under section 667.51, subdivision (a).

Defendant's contention is based on his interpretation of section 1025, subdivision (b), which provides, in relevant part, that "the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty . . . ."  The only factual finding left to the jury under section 1025 is whether the defendant had actually been convicted as alleged.  (*People v. Epps* (2001)

8

25 Cal.4th 19, 24, 26-27; italics omitted.) The question posed by defendant is whether a jury's finding that the defendant sustained a prior conviction for the purposes of one sentencing statute permits the court to impose the sentencing enhancement under another sentencing statute based on the same prior conviction.

In *People v. Williams* (2002) 99 Cal.App.4th 696 (*Williams*), the defendant challenged his prior serious felony conviction enhancement where the jury returned a verdict finding true the prior serious felony allegation under one enhancement provision but failed to return a verdict form for the enhancement alleged under another provision. (*Id.* at pp. 699-700.) In that case, the court found that section 1025 only grants the defendant the right to have a jury determine the factual issue of whether he had suffered the alleged prior conviction, and that the legal question of whether that conviction was of the type that qualified for a particular sentencing enhancement was left to the court to decide. (*Id.* at pp. 700-701.) As we stated, "[t]he right to a jury trial extends only to the fact of the conviction alleged in the information, not to the truth of the enhancement allegation itself." (*Id.* at p. 701.) Therefore, a jury's finding that the defendant in fact had been convicted as alleged, regardless of the enhancement designation included in the verdict form, is the only finding necessary for a court to sentence a defendant to any applicable enhancement based on that prior conviction.

Here, the jury found true that defendant had been convicted as alleged of a violation of section 288, subdivision (a) in Yolo County in 1986. The extraneous language in the verdict forms that defendant's prior conviction fell "within the meaning of Penal Code Section 667.61(a) and (d)" is superfluous, and does not render the court's imposition of the sentencing enhancement pursuant to section 667.51, subdivision (a), improper.

We note that defendant alternatively asserts the sentencing enhancement is a result of ineffective assistance of counsel because at trial, his attorney did not object to the

9

court's sentence.  Because we determine that it was not error for the trial court to impose the sentencing enhancement, we need not address this contention.

DISPOSITION

The judgment is affirmed.

     HULL     , J.

We concur:

     RAYE    , P. J.

     MAURO    , J.