Filed 12/10/21  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN MARK WILLIAMS,<br><br>    Defendant and Appellant. | C092557<br><br>(Super. Ct. No. SF99-225) |

Appointed counsel for defendant Steven Mark Williams filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We requested supplemental briefing from the parties on whether the trial court erred in determining defendant's grand theft conviction was ineligible for relief under

1

Penal Code section 1170.18.[1]  Having considered the parties' supplemental briefs and the record, we conclude the court did not err, and affirm with certain modifications to the relevant abstracts of judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In September 1999, an amended information in Nevada County Superior Court case No. SF99-225 charged defendant with theft of money and property exceeding $400 in value–grand theft (§ 487, former subd. (a), count I), and felony receiving stolen property (§ 496, subd. (a), count II).  It further was alleged that defendant had five prior strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served two prior prison terms (§ 667.5, subd. (b)).

In November 1999, defendant pleaded no contest to the grand theft offense, and admitted one prior strike and two prior prison terms.

On April 10, 2000, the trial court sentenced defendant in case No. SF99-225 to six years in state prison, which included the midterm of two years for count I, doubled to four years for the strike prior, plus one year for each of defendant's two prior prison terms under section 667.5, subdivision (b); count II was dismissed.  An abstract of judgment filed April 11, 2000, states that "[e]xecution of sentence imposed" "at [the] initial sentencing hearing," and the sentencing minutes dated the previous day (Apr. 10) listed "defendant['s] status" as "remanded."  The April 11 abstract of judgment, however, also checked two boxes relevant to defendant's remand status.  The first box indicated that defendant was remanded to the custody of the sheriff to be delivered to "the reception center designated by the director of the California Department of Corrections," and the second box stated, "other (specify):  stayed pending dispo of other cases."  There

**1**     Undesignated statutory references are to the Penal Code.

is no reporter's transcript for the April 10, 2000 sentencing hearing in case No. SF99-225.

After the court sentenced defendant in case No. SF99-225, an amended information filed in Nevada County Superior Court case No. SF00-079 charged defendant with robbery (§ 211) and various enhancement allegations, including five prior strikes (§ 1170.12), two prior serious felony convictions (§ 667, subd. (a)(1)), and one prior prison term (§ 667.5, subd. (b)).[2] It also was alleged that at the time of the offense (in Jan. 2000), defendant was released from custody in case No. SF99-225 (§ 12022.1). A jury found him guilty of the robbery offense and found true the enhancement allegations.[3]

On October 2, 2000, the trial court sentenced defendant to 37 years to life under the "Three Strikes" law in case No. SF00-079.[4] The court then purported to resentence defendant in case No. SF99-225 as follows: "In case number SF99-225, grand theft charge in which [defendant had] previously been sentenced, he'll be sentenced to six years in the Department of Corrections to run consecutive to the 35, the 35 year term that was imposed in case SF00079." The court minute order states:

---

[2] We grant the People's request to take judicial notice of the appellate record in case No. C036925, as well as this court's prior opinion in *People v. Williams* (2002) 99 Cal.App.4th 696 (*Williams*), affirming defendant's convictions in case No. SF00-079. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3] Although the jury did not return a verdict form for one of the prior serious felony enhancements, the jury found defendant had suffered that same conviction, which was also alleged as the basis for one of defendant's prior strike convictions. (*Williams, supra*, 99 Cal.App.4th at pp. 699-700.)

[4] We affirmed defendant's convictions in case No. SF00-079 in *Williams, supra*, 99 Cal.App.4th at pages 698 through 699.

3

"Defendant having been sentenced to the Dep[artment] of Corrections in case SF00-079, this matter will run consecutive for the entire 6 year term pursuant to 1170.12(a)(8) PC."[5]  Defendant's status was listed as "remanded."

The record also contains an abstract of judgment dated June 18, 2003, for case No. SF99-225, which states that defendant was "currently serving" his six-year sentence in that case.  Item 10 on the June 18, 2003 abstract of judgment, regarding "[e]xecution of sentence imposed," contains an "other" box that is checked with the following notation: "resent 1170.12PC."

In April 2020, defendant filed a petition for resentencing under section 1170.18, subdivision (a), which provides:  "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" for certain theft and drug-related offenses.  In his petition, defendant declared that he was currently serving his six-year sentence for the grand theft offense in the present case.

The court ordered the prosecution to respond to the petition, and the prosecutor filed a response indicating that defendant was not entitled to the requested relief because there were "[n]o counts eligible under Pen. Code § 1170.18," and defendant was

_____

[5]     At the time defendant was resentenced in October 2000, former section 1170.12, subdivision (a)(8) provided:  "Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: [¶] . . . [¶]  (8) Any sentence imposed pursuant to this section will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law."  (Former § 1170.12, subd. (a)(8), eff. to Nov. 6, 2012.)

4

"disqualified pursuant to . . . section[ ] 1170.126(g)(2)." In July 2020, the court summarily denied the petition, finding "[n]o count is eligible for relief." Defendant timely appealed.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We requested supplemental briefing from the parties on several issues, including: (1) the date defendant began serving his six-year sentence in case No. SF99-225; (2) whether defendant was still serving his six-year sentence when he filed his petition for resentencing under section 1170.18; and (3) whether the trial court erred in determining that defendant's conviction for grand theft in case No. SF99-225 was not eligible for relief under section 1170.18. We requested that the parties seek judicial notice of any relevant documents pertaining to the above issues.

Counsel for defendant filed a supplemental brief arguing that defendant had not yet served his six-year sentence in case No. SF99-225, that he would not begin serving that sentence until he completed his life sentence in case No. SF00-079, and that the trial court had erred in concluding his grand theft conviction in case No. SF99-225 was ineligible for resentencing under section 1170.18. Defendant requested that we take judicial notice of a sentence data sheet generated by the Department of Corrections and

5

Rehabilitation showing the six-year sentence in case No. SF99-225 was consecutive to the life sentence in case No. SF00-079.[6]

The People filed a supplemental brief arguing defendant was required to serve the six-year determinate sentence in case No. SF99-225 *before* the later-imposed indeterminate life term in case No. SF00-079, and that the trial court erred when it ran the determinate term consecutive to the life term rather than the other way around. Because defendant began serving his sentence in case No. SF99-225 in 2000, he would have completed that term no later than 2006, well before Proposition 47 (the Safe Neighborhoods and Schools Act) and section 1170.18 went into effect. Thus, they argue, the trial court did not err in concluding defendant's grand theft conviction was not eligible for recall and resentencing under section 1170.18, subdivision (a). The People concede, however, that if the trial court did not err in imposing defendant's six-year sentence in case No. SF99-225 consecutive to his life term in case No. SF00-079, then defendant would be eligible to have his grand theft conviction reduced from a felony to a misdemeanor under Proposition 47.

Having examined the record, as well as the judicially noticed materials, for the reasons given below, we agree with the People that the trial court did not err in denying defendant's petition because defendant had completed his six-year sentence for grand theft in case No. SF99-225 long before Proposition 47 and section 1170.18 went into effect.

Defendant pleaded no contest to grand theft in case No. SF99-225 on November 8, 1999. He originally was sentenced to six years for the grand theft offense (two years, doubled for a strike prior, plus one year each for two prior prison term enhancements) on April 10, 2000. The sentencing minutes show the court imposed the sentence and

---

[6]     We grant defendant's request for judicial notice. (Evid. Code, §§ 452, subd. (c), 459, subd. (a).)

"committed [defendant] to the Dep[artment] of Corrections," and listed his status as "remanded" into custody. Likewise, the abstract of judgment filed the following day, April 11, 2000, indicates that the "[e]xecution of sentence [was] imposed [¶] . . . at initial sentencing hearing." As of at least April 11, 2000, then, defendant's sentence in case No. SF99-225 had been imposed and executed, and he had begun serving his determinate sentence.[7]

Thus, when defendant was subsequently convicted by jury of robbery in case No. SF00-079 and sentenced to an indeterminate life term under the Three Strikes law in October 2000 (*Williams, supra*, 99 Cal.App.4th at pp. 698-699), he was "already serving" a sentence for purposes of former section 1170.12, subdivision (a)(8), which at the time provided: "Any sentence imposed pursuant to this section will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law." (Former § 1170.12, subd. (a)(8), Prop. 184, § 1, approved Nov. 8, 1994 [eff. until Nov. 6, 2012, when Prop. 36 was passed, thereby deleting subdivision (a)(8) in section 1170.12].) Under that provision, the trial court was required to sentence the subsequent indeterminate term in case No. SF00-079 consecutive to the prior determinate term defendant was already serving in case No. SF99-225. The court erred to the extent that it reversed the order of the sentences under former section 1170.12, subdivision (a)(8).

In any event, even if defendant was not "already serving" his determinate six-year term for grand theft when the court sentenced him to the indeterminate life term for the

---

[7] We do not interpret the notation on the April 11 abstract of judgment that delivery of defendant to prison was stayed as he awaited disposition in other cases to mean that he had not already begun serving the imposed and executed six-year sentence, as the minutes show he was "committed to the [Dep]artment of Corrections," and his status was listed as "remanded." (See, e.g., *People v. Gonzalez* (2019) 39 Cal.App.5th 115, 121 [a defendant is "already serving" a sentence when he is " 'committed the custody of the sheriff' no matter the location of that custody (i.e., county jail), when the defendant is remanded to that custody prior to sentencing on [a] later case"].)

subsequent robbery, and former section 1170.12, subdivision (a)(8) did not somehow mandate that the indeterminate term imposed in defendant's second case (case No. SF00-079) had to run consecutive to the determinate term imposed in defendant's first case (case No. SF99-225), section 669, as the People argue, compels that result. When defendant was sentenced in 2000, former section 669 provided, in relevant part: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, . . . the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively. . . . Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole . . . ."[8] In *People v. Garza* (2003) 107 Cal.App.4th 1081, this court explained that under section 669, " '[w]henever a person is sentenced to prison on a life sentence and any other term of imprisonment for a felony conviction, and the sentences are to run consecutively, the sentence must provide that the determinate term of imprisonment shall be served first and the life sentence shall be consecutive to the determinate term, and not vice versa.' " (*Garza, supra*, at p. 1085.)

Given section 669 and *Garza*, we conclude that the trial court erred when it ordered defendant's determinate term for grand theft previously imposed in case No. SF99-225 to run consecutive to the indeterminate life term subsequently imposed for robbery in case No. SF00-079. Because that sentence was unauthorized when imposed, it may be corrected at any time on appeal. (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477 [" 'a sentence is generally "unauthorized" where it could not lawfully be imposed

---

[8] Former section 669 was in effect until June 26, 2012. (Stats. 1997, ch. 750, § 1 (Sen. Bill No. 721 (1997-1998 Reg. Sess.)).)

8

under any circumstance in the particular case' "; "[a]n unauthorized sentence may be corrected at any time by a court with jurisdiction"].) We shall direct the trial court to correct the abstracts of judgment to reflect the proper order of the sentences in both cases.

Having determined the appropriate order of defendant's determinate and indeterminate sentences, it becomes apparent that defendant would have completed his six-year term for grand theft in case No. SF99-225 no later than 2006, as the sentence was imposed and executed in April 2000. Proposition 47, which amended or added various provisions to the Penal Code to reclassify certain felony offenses as misdemeanors, including new section 490.2 that now defines the misdemeanor offense of petty theft as obtaining any property by theft where the value does not exceed $950 (§ 490.2, subd. (a)), did not go into effect until November 2014. Thus, by the time defendant filed his petition for recall and resentencing in case No. SF99-225, he was not serving a sentence in 2014 for an offense that would have been a misdemeanor under the act. (§ 1170.18, subd. (a).) The trial court therefore did not err in finding that defendant had "[n]o count . . . eligible for relief."[9]

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed. The clerk is directed to prepare corrected abstracts of judgment in case Nos. SF99-225 and SF00-079 reflecting that the indeterminate life term imposed in case No. SF00-079 shall be served

---

[9] We express no opinion on whether defendant is entitled to have his grand theft conviction redesignated a misdemeanor under section 1170.18, subdivision (f), which provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.12, subd. (f); see *People v. Valenzuela* (2019) 7 Cal.5th 415, 426-427 [defendant's grand theft conviction appropriately reclassified under section 490.2, subdivision (a) as misdemeanor petty theft].)

9

consecutive to the six-year determinate term imposed in case No. SF99-225. The clerk shall forward copies of the corrected abstracts of judgment to the Department of Corrections and Rehabilitation.

                                                                       KRAUSE            , J.

We concur:

       MURRAY          , Acting P. J.

       RENNER           , J.